UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN DENIS LOUIS,<br><br>                              Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                              Respondent. | Case No.: 26-cv-278-RSH-AHG<br><br>**ORDER DISMISSING PETITION** |

On January 16, 2026, petitioner Jean Denis Louis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

The Petition does not explain how Petitioner's detention is in violation of federal law. Petitioner states that he has been detained since November 24, 2025, and "remains in custody despite being in the process of obtaining asylum." ECF No. 1 at 1. Petitioner's detention for a period of less than three months pending his submission of an asylum application or an immigration court's adjudication of such an application, pursuant to statute,[1] does not violate due process. Additionally, the Petition, addressed to the Court as a letter, is defective in that it fails to name a respondent.

It plainly appears that Petitioner is not entitled at this time to obtain from this Court the relief he seeks in the Petition, namely, release on his own recognizance or "under a minimal bond."

Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 22, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1] *See* 8 U.S.C. § 1225(b)(1)(B)(ii) (providing that where a noncitizen is found to have a credible fear or persecution, "the alien shall be detained for further consideration of the application for asylum").